IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ENRY GETUDIS AMAYA AMAYA, *et al.*,
        *Petitioners*,
   v.

KRISTI NOEM, *et al.*,
        *Respondents*.

1:25-cv-002138-MSN-WEF

ORDER

      Enry Getudis Amaya Amaya, Roy Arturo Zavala Flores, Roy Arturo Zavala Sanchez, and Jairo Alexis Velasquez-Osorio ("Petitioners") have filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which they assert that they have been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioners allege that their characterization by DHS as "applicants for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting them to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count II), and their due process rights (Count III), and entitles them to a declaratory judgment (Count I).

      Petitioners are currently detained at the Farmville Detention Center, in Farmville, Virginia. ECF 1 ¶¶ 5, 6, 8, 53. They have sued Kristi Noem, the DHS Secretary; Todd Lyons, ICE's Acting Director; Joseph Simon, ICE's Washington Field Office Director; and Pamela Bondi (collectively "Federal Respondents"). *Id*. at 1. They have also sued Jeffrey Crawford, the warden of the Farmville Detention Center. *Id*.

      In response to the Court's Order of November 25, 2025 (ECF 2), Federal Respondents have confirmed that the factual and legal issues presented in the Petition do not differ in any material

fashion from those presented in *Servellon Martinez*, 1:25-cv-1792 (E.D. Va.). ECF 4. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count III.[1]

### I. BACKGROUND

Petitioner Enry Getudis Amaya Amaya is a citizen of El Salvador. ECF 1 ¶ 36. He entered the United States without inspection in 2008 and currently lives in the Washington D.C. area with his partner and U.S. citizen son. *Id.* at ¶¶ 36-37. On October 28, 2025, immigration officials detained Mr. Amaya Amaya in a parking lot in Washington, D.C. and then transferred him to the Farmville Detention Center. *Id.* at ¶¶ 38-39.

Petitioners Roy Arturo Zavala Flores and his son, Petitioner Roy Arturo Zavala Sanchez, are citizens of Honduras. ECF 1 ¶¶ 43, 50, 51. Mr. Zavala Flores entered the United States without inspection in 2006 while Mr. Zavala Sanchez entered the United States without inspection in 2021. *Id.* at ¶¶ 43, 50. They currently live in Maryland with Mr. Zavala Flores' partner and two other children, one of whom is a U.S. citizen. *Id.* at ¶ 44, 51. On October 19, 2025, Mr. Zavala Flores and Mr. Zavala Sanchez were detained by immigration officials while they were on their way to work. *Id.* at ¶ 45. The Petition alleges that, upon information and belief, Mr. Zavala Flores and Mr. Zavala Sanchez are currently detained at the Farmville Detention Center. *Id.* at ¶¶ 46, 53.

Petitioner Jairo Alexis Velasquez-Osorio is also a citizen of Honduras who entered the United States without inspection in 1998. ECF 1 ¶ 57. Mr. Velasquez-Osorio now lives in Maryland with his wife and four U.S. citizen children. *Id.* at ¶ 58. Petitioner Velasquez-Osorio previously maintained Temporary Protected Status, but those benefits have been terminated by DHS. *Id.* at ¶ 59. On November 6, 2025, Petitioner Velasquez-Osorio was pulled over by law

---

[1] Because the Court grants the Petition as to Count III, it need not address Petitioners' other claims.

enforcement while on his way to work in Washington, D.C. and was detained by ICE. *Id.* at ¶ 60. He is currently detained at the Farmville Detention Center. *Id.* at ¶ 61.

Petitioners each allege that DHS has denied them release on bond pursuant to the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2] ECF 1 ¶¶ 42, 49, 56, 64.

## II.  ANALYSIS

The central question posed in the Petition is whether Petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioners contends that their detention should be governed by § 1226(a) and that their current detention without bond pursuant to § 1225(b)(2) violates their right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed

---

[2]  Federal Respondents have waived any argument that Petitioners did not exhaust their administrative remedies with respect to their habeas claim. However, to ensure that Petitioners' eventual bond hearing comports with ordinary ICE procedures, this Court will direct Petitioners to file a motion for custody redetermination pursuant to 8 C.F.R. § 236.1(d)(1) before Federal Respondents hold the hearing required by this Order if Petitioners have not already done so.

3

into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioners are present in the United States but have not been legally "admitted," they should be considered applicants for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioners have been present in the United States for between four and twenty-seven years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303

---

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

(2018), their detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, they are entitled to a bond hearing before an Immigration Judge ("IJ") in which the IJ must determine whether they pose a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioners' continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates their right to due process.

### III.  CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that to the extent that Petitioners seek release from detention, Petitioners file a motion requesting a bond hearing or custody redetermination as soon as practicable; and that Federal Respondents provide Petitioners with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioners on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioners have been granted bond, and, if their request for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioners' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

December 2, 2025
Alexandria, Virginia